UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-61373-SMITH/VALLE

ELIZABETH FRANK,
ROBERT FRANK, and
TERRI FRANK,[1]

    Plaintiffs,

v.

AGA ENTERPRISES, LLC d/b/a
COSSIO INSURANCE AGENCY,
a Foreign Company,

    Defendant.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on non-party Celebration Source, Inc.'s ("Celebration") Motion to Enforce Attorney's Fees and Costs Charging Lien and to Abate Disbursement of Funds (the "Motion to Enforce Charging Lien") (ECF No. 160),[2] and the Franks' Motion for Summary Judgment as to the Notice of Charging Lien or in the Alternative Motion to Adjudicate Charging Lien (the "Motion for Summary Judgment or to Adjudicate") (ECF No. 161) (together, the "Motions"). United States District Judge Rodney Smith has referred the Motions to the undersigned for appropriate disposition. (ECF No. 163).

---

[1] The original Plaintiff in this federal action was Celebration Source, Inc. On May 28, 2020, however, the District Judge granted the Franks' motion to substitute Celebration Source, Inc. as Plaintiffs. See (ECF No. 128). For clarity, the undersigned will refer to Plaintiffs as "the Franks."

[2] Although filed as a motion by Celebration, the Motion to Enforce the Charging Lien is a request for relief by attorney Mariano R. Gonzalez, Esq., and the Law Offices of Gonzalez and Associates, P.A. (together, the "Gonzalez firm"), Celebration's counsel in this case. Thus, the undersigned will refer to the Gonzalez firm as the movant in the Motion to Enforce the Charging Lien and respondent in the Motion for Summary Judgment or to Adjudicate.

Accordingly, having reviewed the Motions, the responses and replies to the Motions (ECF Nos. 162, 164, 171, 172, 176, 177), and being otherwise fully advised in the premises, the undersigned recommends that: (i) the Gonzalez firm's Motion to Enforce Charging Lien be **DENIED WITHOUT PREJUDICE**; and (ii) the Franks' Motion for Summary Judgment or to Adjudicate be **GRANTED**.

## I. PROCEDURAL HISTORY

### A. The State Tort Action

In 2011, Plaintiff Elizabeth Frank, then a minor, was injured on an amusement device operated by Celebration. (ECF No. 1-2 ¶ 10). Subsequently, the Franks filed a tort action in state court against Celebration (the "state tort action"). (ECF Nos. 161 at 2, 171 at 1-2). In December 2019, the state trial court entered final judgment of $6,525,000 in favor of the Franks and against Celebration. *Id.*

Thereafter, on April 2, 2020, the trial court entered an agreed order assigning Celebration's "chose in action" in the instant federal action, *see infra* I.B., to the Franks.[3] In relevant part, the order stated:

> Pursuant to Fla. Stat. § 56.29 [governing proceedings supplementary] . . . and relevant Florida caselaw . . . [Celebration's] Chose in Action [in the pending federal case] is hereby assigned to the Franks . . . . This order does not preclude any party or counsel from filing a charging lien. Similarly, all objections and defenses to any charging lien are preserved.

---

[3] Under Florida law, a "chose in action" is a "personal right not reduced into possession, but recoverable by a suit at law . . . . A right to receive or recover a debt, demand, or damages on a cause of action *ex contractu* or for a tort or omission of a duty." *Spa Creek Servs., LLC v. S.W. Cole, Inc.,* 239 So. 3d 730, 732 n.1 (Fla. 5th DCA 2017) (citations omitted); *Puzzo v. Ray,* 386 So. 2d 49, 50 (Fla. 4th DCA 1980) (citation omitted). It is "the 'right to bring an action to recover a debt, money, or thing.'" *Spa Creek Servs.,* 239 So. 3d at 732 n.1 (citation omitted). Moreover, choses in action arising out of contract are assignable and "may be sued upon and recovered by the assignee in his own name and right." *Id.* at 734.

2

(ECF No. 160 at 10). At all times during the state tort action, the Franks were represented by attorneys from the Schlesinger Law Offices, P.A. (ECF No. 161 at 2).

### B. The Instant Federal Action

In June 2017, while the state tort action was still pending, Celebration filed the instant action against its insurance agent AGA Enterprises, LLC, d/b/a Cossio Insurance Agency ("Cossio").[4] (ECF Nos. 1, 161 at 1-2). In this federal action, Celebration alleged that Cossio had failed to properly advise Celebration about an endorsement in its insurance policy that would have covered Celebration's damages in the state tort action. (ECF No. 171 at 1-2). Celebration was represented by the Gonzalez firm. (ECF Nos. 160 at 3, 161 at 1).

On April 10, 2020, eight days after the state trial court assigned Celebration's federal chose in action to the Franks, the Gonzalez firm filed a Notice of Attorney's Charging Lien (the "Notice of Charging Lien"). (ECF No. 103). In pertinent part, the Notice of Charging Lien stated:

> [A]s attorney of record for [then-Plaintiff Celebration], [the Gonzalez firm] claim[s] a charging lien in any settlement or judgment rendered in favor of [Celebration], their successors or assignees. Our lien is for costs and legal services performed by the attorneys in prosecution of the claim that have not been compensated in the above-styled action.

*Id.*

Subsequently, on May 28, 2020, the District Court granted the Franks' motion to substitute Celebration as Plaintiff in this case, pursuant to Fed. R. Civ. P. 25(c). *See* (ECF No. 128). In permitting substitution, the District Court stated:

> [U]pon reconsideration, the Court finds that substitution is appropriate under the

---

[4] Celebration initially filed this action in the Seventeenth Judicial Circuit in and for Broward County, Case No. CACE-17-012303, but the case was removed to federal court in July 2017. (ECF Nos. 1, 160 at 3). Prior to filing this action for damages, Celebration had litigated the issue of coverage against their insurance company (the "Coverage Litigation"). *Id.*; *see also* (ECF No. 1-2 ¶¶ 14, 15); *Steadfast Ins. Co. v. The Celebration Source, Inc., et. al.*, Case No. 15-CV-61668-RNS. The Gonzalez firm also represented Celebration in the Coverage Litigation.

>circumstances. Because [Plaintiff Celebration] no longer owns the action it is prosecuting in this case, [Celebration] has no interest in this case and has no right to settle the matter on behalf of the new owners, the Franks. Thus, substitution of the Franks for [Celebration] is appropriate . . . . The Franks shall be substituted as party Plaintiffs.

*Id.* at 2.

On September 2, 2020, only a few months after being substituted as Plaintiffs, the Franks and Cossio filed a Notice of Settlement advising the District Court that they had resolved all pending claims. (ECF No. 158). The following day, the Gonzalez firm filed its Motion to Enforce Charging Lien. (ECF No. 160). On September 4, 2020, the Franks filed their Motion for Summary Judgment or to Adjudicate.[5] (ECF No. 161). In addition, the Franks separately responded in opposition to the Gonzalez firm's Motion to Enforce Charging Lien. (ECF No. 164). The Motions are now ripe for adjudication.

## II.     LEGAL STANDARDS

### A. Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. Pro. 56(a). The parties may support their positions by citation to the record, including, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians v. United States*, 516 F. 3d 1235, 1243 (11th Cir. 2008) (quoting

---

[5] The Franks also filed a Motion to Strike the Gonzalez firm's Response to their Motion for Summary Judgment (the "Motion to Strike"). (ECF No. 175). The undersigned has since denied the Motion to Strike. *See* (ECF No. 186).

4

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)); *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (citation omitted). A fact is material if it "might affect the outcome of the suit under the governing law." *Miccosukee Tribe of Indians*, 516 F. 3d at 1243 (quoting *Anderson,* 477 U.S. at 247-48; *Burgos*, 274 F. App'x at 841 (citation omitted). The movant shoulders the initial burden of demonstrating the absence of a genuine issue of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). A movant must present evidence demonstrating that it can establish the basic elements of its claim. *Celotex*, 477 U.S. at 322.

Once the moving party has met its burden, the non-movant must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id*. at 324; *see also* Fed. R. Civ. Pro. 56(c)(1). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *See Adickes v. S. H. Kress & Co*., 398 U.S. 144, 158-59 (1970). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further, "a 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 249); *Gross v. S. Ry. Co.*, 414 F.2d 292, 297 (5th Cir. 1969).[6] The Court, however, is not required to accept all of the non-movant's factual characterizations and legal arguments. *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458-59 (11th Cir. 1994). If a genuine issue of fact exists for trial, summary judgment should not be granted. *See* Fed. R. Civ. Pro. 56(a).

---

[6] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981), this Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

### B. Charging Lien

A charging lien is an equitable remedy recognized as a means of "protecting an attorney from a client who would enjoy the fruits of the attorney's labor but attempt to avoid fair payment for the labor." *In re Summit View, LLC*, No. 8:11-CV-724-T-24, 2011 WL 3268367, at *4 (M.D. Fla. Aug. 1, 2011), *aff'd*, 472 F. App'x 900 (11th Cir. 2012) (citation omitted). Although federal courts do not recognize a common-law lien in favor of attorneys, they nonetheless give effect to the laws of the states in which they are held. *Gottlieb v. GC Fin. Corp.,* 97 F. Supp. 2d 1310, 1311 (S.D. Fla. 1999) (citation omitted). In Florida, a charging lien may be enforced if the following conditions exist: (i) an express or implied contract between the attorney and client; (ii) an expressed or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (iii) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (iv) a timely notice of a request for a lien. *In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2011) (citing *Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1385 (Fla. 1983)); *Montpellier Farm, Ltd v. Crane Env't, Inc.*, No. 07-22815-CIV, 2009 WL 722238, at *2 (S.D. Fla. Mar. 18, 2009); *Bruton v. Carnival Corp.*, 916 F. Supp. 2d 1262, 1268 (S.D. Fla. 2012).

Nonetheless, "[i]t is not enough to support the imposition of a charging lien that an attorney has provided his services; the services must, in addition, produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." *Montpellier Farm*, 2009 WL 722238, at *5 (citation omitted); *see also In re Hilley*, No. 6:17-BK-02389-KSJ, 2019 WL 10734049 at *2 (Bankr. M.D. Fla. Aug. 30, 2019) ("Charging liens . . . only encumber the proceeds from the lawsuit, or *the amount the attorney actually recovered for the client*.") (emphasis in original). "All that is required to entitle the attorney to perfect a charging lien is for

6

the attorney to file a notice of charging lien or otherwise pursue the lien in the original action prior to its termination." *Montpellier Farm,* 2009 WL 722238, at *1. Finally, "all proceedings in Florida to resolve an attorney's charging lien for legal services are equitable in nature." *See Bruton*, 916 F. Supp. 2d at 1268 (citing *Nichols v. Kroelinger,* 46 So. 2d 722 (Fla.1950)).

### III. DISCUSSION

#### A. The Parties' Arguments

The Motions are interrelated and the parties advance the same arguments in each of them. The Gonzalez firm seeks to recover fees and costs for the time and effort expended litigating the federal action. *See generally* (ECF No. 160). According to the Gonzalez firm, it "fully litigated the instant matter and completed all discovery prior to the [District Court's entry of the] order substituting the Franks . . . ." *Id*. at 3. Furthermore, the Gonzalez firm asserts that its Retainer Agreement with Celebration "explicitly granted [the Gonzalez firm] a [33%] contingency fee interest in any proceeds obtained against Cossio . . . ."[7] (ECF No. 171 at 2). The Gonzalez firm further asserts that the state court order assigning the federal chose in action to the Franks only transferred Celebration's interest in any possible recovery, and "did not assign [to the Franks or their counsel] any interest in the fees and costs of [the Gonzalez firm] as called for by the subject retainer . . . ." *Id*. at 2-3. To support its argument, the Gonzalez firm relies on Florida cases holding that "an assignment transfers to the assignee only the interest and rights of the assignor" and "conveys no greater right than the assignor [i.e., Celebration] had at the time of the assignment." *Id*. at 3 (citing *Allen v. Helms*, 293 So. 3d 572, 580 (Fla. 1st DCA 2020) (citing

---

[7] A copy of the Retainer Agreement is attached to the Gonzalez firm's Response to the Franks' Motion for Summary Judgment. *See* (ECF No. 171 at 12-13).

*Prescription Partners, LLC v. State, Dep't of Fin. Servs.*, 109 So. 3d 1218 (Fla. 1st DCA 2013); *Union Indemnity Co. v. City of New Smyrna*, 130 So. 453 (Fla. 1930)).

The Franks, on the other hand, argue that the Notice of Charging Lien should be stricken "as a matter of law." (ECF No. 161 at 4). According to the Franks, one of the requirements for a valid charging lien is the existence of an express or implied contract between counsel and the party recovering funds, which does not exist here. *Id.* Indeed, the Franks argue (and the Gonzalez firm does not contest) that the Franks "never retained or entered into a contractual relationship with Gonzalez." *Id.* at 4, 7-8. Thus, the Franks assert that while a charging lien may be proper and enforceable against Celebration by virtue of Celebration's contractual relationship with the Gonzalez firm, it is not enforceable against the Franks, who had no contractual relationship of any kind with the Gonzalez firm.[8] *Id.* at 4, 7.

### B. The Charging Lien is Unenforceable Against the Franks

Against this legal and factual backdrop, the undersigned finds that the Charging Lien is unenforceable against the Franks. As discussed above, a valid charging lien in Florida requires the existence of an express or implied contract between the attorney seeking to recover his fees

---

[8] In their reply, the Franks raise additional arguments, including that: (i) Celebration, in whose behalf the Gonzalez firm filed the Motion to Enforce Charging Lien, lacks standing to enforce the Charging Lien and the Gonzalez firm did not enter a personal appearance to litigate/adjudicate the Charging Lien; (ii) the Gonzalez firm's attempt to enforce the Charging Lien creates a conflict of interest between the Gonzalez firm and Celebration; (iii) the Retainer Agreement should not be considered because it was not properly authenticated pursuant to Federal Rule of Evidence 901; and (iv) the Gonzalez firm is not entitled to recover against the Franks on the basis of *quantum meruit*. *See generally* (ECF No. 176). Because the undersigned finds that the Charging Lien is unenforceable against the Franks (because there is no contract between the Franks and the Gonzalez firm), the undersigned need not address these alternative arguments, which the undersigned nonetheless finds meritless (and some of which were inappropriately raised for the first time in a reply brief). *See Infante v. Berryhill*, No. 15-CIV-61252, 2017 WL 1062440, at *8 (S.D. Fla. Mar. 21, 2017*)* (citing *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009)) (noting that arguments raised for the first time in a reply are deemed waived and need not be considered).

8

and the client seeking to avoid payment. *In re Washington*, 242 F.3d at 1323 (citation omitted). Here, however, no such contract existed between the Franks and the Gonzalez firm. *See* (ECF Nos. 161 at 4, 6-9, 171 at 6). Rather, the Retainer Agreement (and its contingency fee provision) was a contract between Celebration and the Gonzalez firm. The Gonzalez firm's expansive argument that this Retainer Agreement gave counsel an equitable right in the Franks' settlement proceeds is unsupported by case law.[9] *See* (ECF No. 171 at 3-6). In addition, the Retainer Agreement specifies that the Gonzalez firm was to be paid from "the Client's recovery," i.e., Celebration's recovery. *See id.* at 12-13. Celebration, however, did not recover damages in this federal action. Accordingly, the Gonzalez firm's Charging Lien is unenforceable against the Franks in this federal litigation.

The Court does not reach this conclusion lightly. Indeed, the record reflects that the Gonzalez firm actively litigated this federal action from the filing of the Complaint in 2017 through May 2020, when the District Court substituted the Franks as Plaintiffs. *Compare* (ECF No. 1) *with* (ECF No. 128). Although the Franks argue that it was their lawyer who conducted additional discovery, retained critical insurance experts, and ultimately obtained the settlement with Cossio,

---

[9] For example, counsel attempts to analogize this case to *Allen*, 293 So. 3d 572, for the proposition that "the Franks 'stand in the shoes' of [Celebration] at the time of the assignment of the chose in action." *See* (ECF No. 171 at 4). But *Allen* is factually distinguishable. In *Allen*, the insurer had advanced attorney's fees and had subrogated into defendant's statutory right under Fla. Stat. § 768.79 (Florida's offer of judgment statute) to recover fees when the net judgment to plaintiff was less than the prior settlement proposal. *Allen*, 293 So. 3d at 579. Based on those facts, the *Allen* court found that "the insurance carrier . . . [was] the real party in interest to recover fees . . . because it control[led] the defense's litigation strategy and [held] the purse strings." *Id.* Similarly inapposite is *Akin Bay Co., LLC v. Von Kahle*, 180 So. 3d 1180 (Fla. 3rd DCA 2015), which involved the assignment of claims arising from a contract under Florida's assignment for the benefit of creditors statute, Fla. Stat. § 727.104. Under that statute, the *Akin* court concluded that an assignee was bound by a mediation and arbitration clause in an agreement with a third-party because an assignee "is subject to all the equities and burdens which attach to the property." *Akin Bay*, 180 So. 3d at 1183. The statutory and factual scenarios of *Allen* and *Akin* are inapplicable in this federal action.

(ECF No. 164 at 4), they are hard-pressed to challenge the time and efforts expended by the Gonzalez firm during three years of federal litigation or to show that these efforts were of no value in their ultimate settlement with Cossio. *See, e.g., Bruton*, 916 F. Supp. 2d at 1269 (noting that although counsel's work may have indirectly benefitted the recovery in the case, the lien did not attach to the proceeds of the settlement). The undersigned notes, however, that none of the cases referenced in the briefs address the effect of a Rule 25(c) substitution on the enforceability of a charging lien after an assignment of a chose in action.[10] Indeed, the parties indicate that this issue seems to be one of first impression. *See* (ECF Nos. 171 at 3, 176 at 4).

Under these circumstances, although it would seem that an attorney who worked for years on behalf of a client in federal court should not go without compensation as a result of a court-ordered substitution of counsel, in the absence of controlling precedent or guidance on this issue, the undersigned relies on well-settled Florida law to conclude that a valid charging lien requires the existence of a contractual relationship as a condition precedent to enforcing an attorney's charging lien. Here, since no contractual relationship exists between the Franks and the Gonzalez firm, the charging lien fails as a matter of law and is unenforceable against the Franks.[11] Therefore,

---

[10] Here, the substitution of parties effectively displaced the original plaintiff's attorney and replaced that attorney with the substitute party's counsel.

[11] Nevertheless, as another Magistrate Judge noted in *Bruton*, the Gonzalez firm may not be without recourse. Rather, it may be able to proceed with a contractual or equitable claim in state court on the basis of *quantum meruit* or some other theory of recovery, such as unjust enrichment. *See, e.g., Bruton*, 916 F. Supp. 2d at 1269-70 (concluding that the discharge of a charging lien in federal court did not dispose or adjudicate any claim the firm may have in any other jurisdiction); *Rosenberg v. Levin*, 409 So. 2d 1016, 1021 (Fla. 1982) (holding that attorney discharged without cause before agreed contingency can recover in *quantum meruit*); *F.H. Paschen, S.N. Nielsen & Assocs. LLC v. B&B Site Dev., Inc.*, 311 So. 3d 39, 48 (Fla. 4th DCA 2021) (where the parties disputed the scope of work, and subcontractor performed extra unpaid services, the subcontractor may recover in *quantum meruit* or under unjust enrichment); *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Scheller,* 629 So. 2d 947, 954-55 (Fla. 4th DCA 1993) (an attorney discharged for cause before fulfillment of the contingency may be able to recover in *quantum meruit)*.

the Charging Lien should be stricken, the Gonzalez firms' Motion to Enforce Charging Lien should be denied, and the Franks' Motion for Summary Judgment or to Adjudicate should be granted.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Notice of Charging Lien (ECF No. 103) be **STRICKEN**, the Gonzalez firm's Motion to Enforce Charging Lien (ECF No. 160) be **DENIED WITHOUT PREJUDICE**, and the Franks' Motion for Summary Judgment or to Adjudicate (ECF No. 161) be **GRANTED**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on May 17, 2021.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Rodney Smith
     All Counsel of Record