**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-61373-CIV-SMITH/VALLE**

ELIZABETH FRANK, ROBERT FRANK, AND
TERRI FRANK,

    Plaintiffs,

vs.

AGA ENTERPRISES, LLC,

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE**

This matter is before the Court on Magistrate Judge Valle's Report and Recommendation to District Judge (the "R&R") [DE 187], in which the Magistrate Judge recommends that the Notice of Charging Lien [DE 103] be stricken, the Gonzalez firm's Motion to Enforce Charging Lien [DE 160] be denied without prejudice, and the Frank's Motion for Summary Judgment or to Adjudicate Charging Lien [DE 161] be granted. The Gonzalez firm has filed Objections [DE 190] and the Franks have filed a Response [DE 191]. For the reasons set forth below, the Gonzalez firm's Objections are overruled and the R&R is affirmed and adopted.

**I.   Background**

The R&R sets out the necessary factual and procedural background. None of the parties have objected to the R&R's recitation of the facts and procedural history; therefore, the Court will just summarize the facts and procedural background. The Franks brought an action in state court against Celebration Source, Inc. ("Celebration") after Elizabeth Frank was injured on an amusement device operated by Celebration. A final judgment in the state court case was entered in favor of the Franks and against Celebration. As a result of the final judgment, the state court

judge entered an agreed order assigning Celebration's "chose in action"[1] in the instant action to the Franks.

The instant action was brought by Celebration against its insurance agent, AGA Enterprises, LLC ("AGA"), alleging that AGA failed to properly advise Celebration, which left Celebration with no insurance coverage for Elizabeth Frank's injury. As a result of the state court assignment, the Franks were substituted as plaintiffs in this case, pursuant to Federal Rule of Civil Procedure 25(c). At the time of the substitution, Celebration's attorney, the Gonzalez firm, had already done substantial work preparing this case for trial. The Gonzalez firm now seeks to enforce a charging lien, based on a Retainer Agreement between it and Celebration, for the work it did on behalf of Celebration, prior to the substitution of the Franks as Plaintiffs.

The R&R found that the Charging Lien was unenforceable against the Franks because the Franks did not have a contractual relationship with the Gonzalez firm. It further found that the Retainer Agreement stated that the Gonzalez firm would be paid from any recovery by Celebration from AGA and, here, Celebration did not recover anything from AGA. Thus, the R&R found that the Charging Lien was unenforceable against the Franks. The R&R did note, however, that the Gonzalez firm is not entirely without recourse, in that it could pursue a claim in state court for quantum meruit, unjust enrichment, or another theory of recovery.

The Gonzalez firm objects to the R&R arguing that, when the state court judge assigned Celebration's chose in action to the Franks, it was subject to the Retainer Agreement, which

---

[1] "A 'chose in action' is a personal right not reduced into possession, but recoverable by a suit at law .... A right to receive or recover a debt, demand, or damages on a cause of action ex contractu or for a tort or omission of a duty." *Spa Creek Servs., LLC v. S.W. Cole, Inc.*, 239 So. 3d 730, 732 n.1 (Fla. 5th DCA 2017) (citations and internal quotations omitted). "It is the right to bring an action to recover a debt, money, or thing." *Id.* (citations and internal quotations omitted).

granted the Gonzalez firm a contingency fee interest of thirty-three percent (33%) in any proceeds obtained against AGA. Thus, the Gonzalez firm argues that Celebration only had a 67% interest, less costs, in any proceeds that were recovered from AGA. Accordingly, the state court judge's assignment only could assign to the Franks Celebration's 67% interest, less costs, in any recovery from AGA.

## II. Discussion

To enforce a charging lien, an attorney must show: "(1) an express or implied contract between attorney and client; (2) an express or implied understanding for payment of attorney's fees out of the recovery; (3) either an avoidance of payment or a dispute as to the amount of fees; and (4) timely notice." *Daniel Mones, P.A. v. Smith,* 486 So. 2d 559, 561 (Fla. 1986). In addition, the attorney's services "must . . . produce a positive judgment or settlement for the client, since the lien will attach only to the tangible fruits of the services." *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England, P.A.*, 517 So. 2d 88, 91–92 (Fla. 3d DCA 1987) (footnote omitted).

Here, the Gonzalez firm does not dispute that there is no contract between it and the Franks. Thus, the first element necessary for the imposition of a charging lien has not been established. There is no question that the Franks were not clients of the Gonzalez firm and the Gonzalez firm has provided no authority establishing that a charging lien may be enforced against a party with whom the Gonzalez firm never had any relationship, let alone a contract. Additionally, as the Franks point out, the Gonzalez firm, as attorneys for Celebration, actually represented a party with an interest adverse to the Franks because of the judgment the Franks have against Celebration. Moreover, the Gonzalez firm has not pointed to any tangible fruits of its services that it obtained for *its* client – Celebration. Thus, the Gonzalez firm has failed to establish that it has a valid charging lien against the recovery obtained by the Franks.

As the R&R notes, none of the authority cited by the Gonzalez firm holds otherwise. While the Court has considered the Gonzalez firm's arguments regarding assignment, the Gonzalez firm has provided no authority establishing that such an assignment would be sufficient to satisfy the first element required for imposition of a charging lien – a contract between attorney and *client*. Here, as the non-party seeking to enforce the lien, the Gonzalez firm must establish that it has met all the elements necessary for a charging lien. The firm, however, has provided no authority clearly establishing that its contingency fee agreement with Celebration attached to the chose in action against AGA when it was assigned by the state court to the Franks. Moreover, even if the Gonzalez firm did have an interest that affected the assignment of the chose in action, the Gonzalez firm has failed to establish that such an interest amounts to a contract between attorney and client, as required for a charging lien. Having failed to establish that it had a contract with the Franks, the Gonzalez firm has failed to establish a valid charging lien. Accordingly, it is

**ORDERED** that:

1. Magistrate Judge Valle's Report and Recommendation to District Judge [DE 187] is **AFFIRMED and ADOPTED** and incorporated by reference herein.

2. The Notice of Charging Lien [DE 103] is **STRICKEN.**

3. The Gonzalez firm's Motion to Enforce Charging Lien [DE 160] is **DENIED without prejudice.**

4. The Frank's Motion for Summary Judgment or to Adjudicate Charging Lien [DE 161] is **GRANTED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 17th day of September, 2021.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record